UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ROSS MARTINIE EILER, <br> REV. BILL BREEDEN, <br><br> Plaintiffs, <br><br> v. <br><br> COMPLEX WARDEN, FEDERAL <br> CORRECTIONAL COMPLEX, TERRE <br> HAUTE, in his official capacity, <br><br> Defendant. | No. 2:23-cv-205-MPB-MKK |

**Amended Complaint for Declaratory and Injunctive Relief**

**Introduction**

1. Plaintiffs are the recognized Ministers of Record and spiritual advisers for two men who are sentenced to death and who are confined in the Special Confinement Unit ("SCU") at the United States Penitentiary, Terre Haute, which houses only male prisoners who have been sentenced to death by federal courts. The two plaintiffs regularly visit the two men and minister to them and pray with them. The plaintiffs have sincere religious beliefs that at times during prayer they must be able to touch the prisoners and the prisoners desire that this physical contact occur during prayer. However, they are precluded from touching the prisoners by defendant's policy that allows them only non-contact visitation. This policy burdens plaintiffs' religious exercise without justification.

[1]

2. In an earlier complaint the plaintiffs raised an additional claim concerning ability of spiritual advisers to have physical contact with prisoners during their executions. This amendment removes that claim entirely from this litigation.

3. Defendant's policy violates the Religious Freedom Restoration Act. 42 U.S.C. § 2000bb. Appropriate declaratory and injunctive relief should issue.

**Jurisdiction, venue, and cause of action**

4. This Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

6. Declaratory relief is authorized by 28 U.S.C. §§ 2201, 2202 and by Rule 57 of the Federal Rules of Civil Procedure.

7. This action is brought pursuant to the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb.

**Parties**

8. Ross Martinie Eiler is an adult resident of Monroe County, Indiana.

9. Rev. Bill Breeden is an adult resident of Monroe County, Indiana.

10. The Complex Warden of the Federal Correctional Complex, Terre Haute, is the duly appointed head of the facility that is located in Vigo County, Indiana.

**Facts**

*Plaintiffs' regular visitation within the SCU*

11. Federal regulations provide that visitation is encouraged "to maintain the morale of the inmate and to develop closer relationships between the inmate and family members or others in the community." 28 C.F.R. § 540.40.

12. The regulations provide that the warden of each prison "shall develop procedures consistent with this rule to permit inmate visiting. The Warden may restrict inmate visiting when necessary to ensure the safety and good order of the institution." *Id.*

13. The Visiting Regulation of the Bureau of Prisons, Program Statement 5267.09 (Dec. 10, 2015), provides that a prisoner may designate a "Minister of Record" who may be approved for visitation.

14. The SCU within the Federal Correctional Complex, Terre Haute, houses the only death row for male prisoners in the federal prison system.

15. The only prisoners confined in the SCU are prisoners who have been sentenced to death.

16. Defendant's policies provide that Ministers of Record to prisoners in the SCU may only have non-contact visits with the prisoners.

17. During visits the parties are separated by glass so there is no way that the Minister of Record and the prisoner can touch.

18. Visitors are subject to search and go through a metal detector before being allowed visits.

19. Attorneys visiting with their clients in the SCU are allowed to visit in rooms where the parties are separated by bars and there is a small rectangular opening in the middle of the bars that is large enough to put one's hand in so that papers can be passed back and forth.

20. Although attorney-client visits are not listened to, the visits can be observed by prison staff.

21. Ross Martinie Eiler is a lay Episcopalian minister as authorized by Bishop Jennifer Baskerville-Burrows, the Episcopal Bishop of the Diocese of Indianapolis, and is allowed to carry out certain pastoral functions, including engaging in prayer with individuals.

22. Mr. Eiler is the Minister of Record to SCU prisoner Jurijus Kadamovas, who is sentenced to death.

23. Mr. Eiler is approved to visit Mr. Kadamovas in the visitation area within the SCU and visits him regularly for non-contact visits.

24. Rev. Bill Breeden is an ordained minister in two churches, the Unitarian Universalist Church and the Christian Church (Disciples of Christ).

25. Rev. Breeden is the Minister of Record and spiritual adviser to SCU prisoner Chad Fulks and has been for more than a decade.

26. Mr. Fulks is sentenced to death.

27. Rev. Breeden visits Mr. Fulks regularly within the visitation area in the SCU. The visits are non-contact.

28. During the visits that Mr. Eiler and Rev. Breeden have with Mr. Kadamovas and Mr. Fulks, respectively, they will pray with the prisoners.

29. Both Mr. Eiler and Rev. Breeden believe that it is essential for their religious exercise that, in certain circumstances, they be able at time to touch those with whom they engage in individual prayer.

30. The Episcopal Church occasionally prescribes placing hands on a person when praying for them in order to embody the prayer and assist in the individual's healing.

31. Mr. Eiler, a lay Episcopalian minister, believes that there is a substantive unity of body and spirit that together constitute the human unity, so that when he ministers to an individual he wants and needs to be able to have physical contact with the person.

32. Therefore, when there is an artificial barrier that prevents him from having physical contact with the person with whom Mr. Eiler prays, he believes that it burdens his ability to offer pastoral care.

33. Mr. Eiler believes that, in certain instances, it is essential that he be able to touch Mr. Kadamovas when he prays with him.

34. Rev. Breeden takes seriously the instruction in the Bible that one should lay hands on someone else when praying as that advances the healing of the person's spirit. This is a requirement of his religious exercise that he abides by.

35. Thus when Rev. Breeden prays individually with persons he will take steps to hold the persons' hands at times as he believes that this is required to affirm the persons' humanity and to help heal them.

36. He believes that is what he is doing with Mr. Fulks—affirming his humanity and bringing him healing.

37. This requires that he be able to touch Mr. Fulks at time as he prays with him.

38. Rev. Breeden believes, consistent with Unitarian Universalist teachings, that touching a person affirms their inherent worth and dignity. This is the first principle of Unitarian Universalism.

39. It would be sufficient for plaintiffs to be allowed to meet with the prisoners in the attorney-visitation room or a room similar to that where they could touch the prisoners' hands as necessary through the small opening in the wire mesh separating the prisoner from the visitor.

40. The prisoners' desire to have this minimal physical contact with the plaintiffs.

41. Given that Mr. Eiler and Rev. Breeden may only have non-contact visitation with the prisoners, plaintiffs' religious exercise is substantially burdened.

42. Defendant has no compelling governmental interest in denying this physical contact and its prohibition is not narrowly tailored to serve a compelling governmental interest.

43. Plaintiffs are being caused irreparable harm for which there is no adequate remedy at law.

**Claim for relief**

44. Denying plaintiffs the ability to have physical contact with the prisoners for whom they serve as Ministers of Record while plaintiffs pray with them imposes a substantial burden on plaintiffs' religious exercise and neither furthers a compelling governmental interest nor is the least restrictive alternative to further that interest. It is therefore unlawful as violating the Religious Freedom Restoration Act. 42 U.S.C. § 2000bb-1.

WHEREFORE, plaintiffs request that this Court:

a. accept jurisdiction of this case and set it for hearing at the earliest opportunity.

b. declare that defendant has violated the plaintiffs' rights under the Religious Freedom Restoration Act for the reason noted above.

c. enter a preliminary injunction, later to be made permanent, allowing plaintiffs to have physical contact with the prisoners during regular visits for whom they serve as ministers of record.

d. award plaintiffs their reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

e. award all other proper relief.

> Kenneth J. Falk
> Stevie J. Pactor
> Gavin M. Rose
> ACLU of Indiana
> 1031 E. Washington St.
> Indianapolis, IN 46202
> 317/635-4059

fax: 317/635-4105  
kfalk@aclu-in.org  
spactor@aclu-in.org  
grose@aclu-in.org  

Attorneys for Plaintiffs

[8]